CALEB PATTERSON *versus* AUSTIN EAMES *& als.*

By virtue of the Public Acts of the third session of the Thirty-seventh Congress, c. 4, § 5, a poor debtor's bond, executed Feb. 9, 1863, without being stamped, may be used in evidence in an action upon it, provided it be duly stamped in presence of the Court.

So, by virtue of the Public Acts of the first session of the Thirty-eighth Congress, c. 173, § 163,* a magistrate's certificate of the administration of the poor debtor's oath, dated Aug. 8, 1863, may be given in evidence in defence of such action, provided it be duly stamped in presence of the Court.

An officer may serve a citation upon the creditor, and, upon the latter's neglect or unreasonable refusal, the former may appoint one of the justices to hear the disclosure of the debtor, although such officer be one of the sureties in such debtor's bond.

ON REPORT.

DEBT on a bond, given to the plaintiff as execution creditor to procure a release from arrest on execution, signed by Austin Eames as principal, and Samuel Bunker and another as sureties. Plea, general issue and brief statement alleging performance of one of the conditions of the bond by disclosing and taking the oath prescribed in c. 113, § 28 of the Revised Statutes. Defendant objected to said bond being received in evidence, upon the ground that it

---

* *Act* of 1st session of 38th Congress, c. 137, § 163. "No deed, instrument, document, writing or paper, required by law to be stamped, which has been heretofore signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be * * admitted, or used as evidence in any court until a legal stamp * * denoting the amount of duty, shall have been affixed thereto, and the date when the same is so used or affixed, with his initials, shall have been placed thereon by the person using or affixing the same; and the person desiring to use * * any such deed, instrument, document, writing, or paper, as evidence, his agent or attorney, is authorized, in the presence of the court, register, or recorder, respectively, to affix the stamp or stamps thereon required : — *Provided,* that no instrument, document, or paper, made, signed, or issued, prior to the passage of this Act, without being duly stamped, * * * shall, for that cause, if the stamp or stamps required shall be subsequently affixed, be deemed invalid and of no effect," &c. Approved, June 30, 1864. The other Congressional Acts cited in the opinion are similar, limiting the time when instruments could be subsequently stamped, to Jan. 1, and March 1, 1863, respectively.

had no revenue stamp affixed to it. The plaintiff's attorney thereupon, in presence of the Court, affixed to said bond the proper stamp, and put on said stamp the date when so affixed with his initials. The bond was then admitted subject to objection.

The defendant offered in evidence a certificate of the administration of the oath prescribed in c. 113, § 28, R. S., to the said Eames, by two justices of the peace and quorum, in the usual form, dated August 8, 1863, which was objected to because it was not duly stamped. The defendants then, in presence of the Court, affixed and cancelled the legal stamp, and thereupon the certificate was admitted subject to objection.

The plaintiff then proved that Samuel Bunker, who was proved to have been a deputy sheriff for the county of Somerset, one of the defendants and a surety on the bond in suit, served the citation upon the plaintiff, under which the disclosure was made, and also, in the absence of the plaintiff, selected one of the justices who acted in said disclosure, and administered said oath and made out and signed said certificate. The case was withdrawn from the jury and reported to this Court, who were to enter judgment in accordance with the legal rights of the parties.

*A. H. Ware*, for the plaintiff.

1. The certificate was improperly admitted. (1.) Because it was void when issued. Acts of 2nd. Sess. 37th Cong., c. 119, § 5. (2.) Because no subsequently enacted statute can give validity to a void instrument.

2. Bunker, being surety on the bond, could not legally serve the citation; and, if he could,

3. He, being interested, could not select one of the justices. *Winsor* v. *Clark*, 36 Maine, 110; *Hesketh* v. *Braddock*, 3 Burr, 1847; the latter case is where an interested officer returned a juror, and the court quashed the proceedings.

*Getchell*, for the defendant.

CUTTING, J.— Debt on a debtor's bond, releasing him from an arrest on execution, dated Feb. 9, 1863, upon which, at the trial, the revenue stamp in the presence of the Court was properly affixed, as also was that to the certificate of the magistrates, who administered the oath, dated Aug. 8, 1863. See Acts of Congress, approved Dec. 25, 1862, March 3, 1863, and June 30, 1864.

The documentary evidence, therefore, introduced by each party, was legally admissible.

But it is contended, by the plaintiff, that the discharge of the magistrates was ineffectual for want of jurisdiction, because one of them was appointed in the absence of the creditor by Samuel Bunker, who, as deputy sheriff, served the citation, and was interested as one of the debtor's sureties on the bond.

By R. S. of 1857, c. 113, § 24.— "The citation shall be served on the creditor by an officer qualified to serve civil process between the same parties." Was the officer so qualified? Chap. 80, § 9, of the same revision, provides that "every sheriff and each of his deputies shall serve and execute, within his county, all writs and precepts issued by lawful authority. Sec. 42 creates the only exception, which is, that— "every coroner shall serve and execute, within his county, all writs and precepts in which the sheriff thereof or his deputy is a party."

Was Bunker, the officer, who served the citation, a party? He was not. *Walker* v. *Hill*, 21 Maine, 481, where it was decided that a deputy sheriff, the sole party in interest, but not of record, could serve the writ. In that opinion, the Judge misrecited § 60 of c. 104, by the interpolation of the word "interested," which does not appear in the section, or in any other section of that or any subsequent revision. Had the citation been correct, the decision was erroneous, unless, as was probably the case, the service had been made prior to the enactment.

The officer, then, could not only "serve the precept on which the debtor was arrested," but was, if it had been pre-

sented to him, under legal obligation so to do, and consequently to appoint one of the justices upon the neglect or refusal of the creditor. R. S., c. 113, § 40. In the performance of such duty he acted ministerially. His interest was remote and contingent. He could not anticipate that the creditor would not appear and select a justice, or that such a justice, if selected by himself, would act corruptly by disregarding his official oath.        *Plaintiff nonsuit.*

WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.